IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROBERT LIDSAY CHENEY, JR.,<br><br>    Defendant.<br>_____/ | No. CIV S-06-2009-LKK-CMK<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

      Defendant, who is proceeding pro se, has filed a "Notice of Removal" in this court. The court is required to screen cases brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen cases brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss an action or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever

1

it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because Mr. Cheney has been granted leave to proceed in forma pauperis, the court will screen the "Notice of Removal" pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Mr. Cheney asserts that he is a citizen of New York and that, on or about October 15, 2005, he was arrested in California on state criminal charges. Mr. Cheney also states that, on October 19, 2005, he was declared incompetent by the state court. Mr. Cheney also states that he filed a petition for a writ of habeas corpus in the California Supreme Court on October 27, 2005, but that it has been "met with silence." Likewise, Mr. Cheney asserts that a mandamus petition filed in the state court to direct action on his habeas petition has also been ignored. Mr. Cheney states that "removal" of his state court action to this court is appropriate because his case ". . . involves a solemn federal question," citing to 42 U.S.C. § 1983. Specifically, Mr. Cheney asserts that he has demanded copies of state court record and transcripts and that he has been denied access to court files, in violation of his First Amendment rights. He also states that his Fourth and Fifth Amendment due process rights have been violated because he is being forced to submit to a blood test.

Federal law provides for removal by defendant of a criminal prosecution commenced in state court. See 28 U.S.C. § 1443. Specifically, as applicable to this case, the statute provides that such removal is appropriate as to state criminal actions pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof." See 28 U.S.C. § 1443(1). By reference to 42 U.S.C. § 1983, it is clear that plaintiff is invoking removal jurisdiction under § 1443(1).

The United States Supreme Court addressed the contours of § 1443 in Georgia v. Rachel, 384 U.S. 780 (1966). In that case, the Court engaged in a detailed analysis of the statute's legislative history and concluded that the phrase "any law providing for the equal civil

rights of citizens" means any law providing for specific civil rights in terms of racial equality. See id. at 792.  In particular, the Court held that "the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."  Id.  A specific reference, however, to 42 U.S.C. § 1983 satisfies the language of § 1443 because "the [Civil Rights Act] plainly qualifies as a 'law providing for . . . equal civil rights' within the meaning of 28 U.S.C. § 1443(1)."  Id.

As to the other requirement of § 1443(1) – that the defendant is denied or cannot enforce his civil rights in state court – the Court stated that removal is warranted "only if it can be predicted by reference to a [state] law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts."  Id. at 800.  The Court explained that a state law authorizing the denial of equal rights "affords an ample basis for such a prediction."  Id.  Thus, a removal under § 1443(1) must point to a state law authorizing the predicted denial of civil rights.  See id. at 802.

In this case, Mr. Cheney has not satisfied the second requirement of § 1443(1) by pointing to a state law which authorizes the deprivations of which he complains.  Rather, it appears that Mr. Cheney's claims are of the kind that would more appropriately be raised on direct appeal or in a post-conviction collateral challenge – either in state court or in this court under 28 U.S.C. § 2254.  In short, Mr. Cheney's case is not of the type contemplated by § 1443(1), which was enacted to provide for immediate federal court involvement in criminal prosecutions under state laws which, on their face, violate racial equality.

Based on the foregoing, the undersigned recommends that:

    1.    This action be summarily remanded back to state court;

    2.    All pending motions (Docs. 3 & 4) be denied as moot; and

    3.    The Clerk of the Court be directed to close this file.

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Failure to file objections within the specified time may waive
6 the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 DATED:  September 26, 2006.

                                                 **CRAIG M. KELLISON**
                                                 UNITED STATES MAGISTRATE JUDGE

4